UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

ANDRES GOMEZ,

    Plaintiff,
vs.

CINNABON, LLC,

    Defendant

## COMPLAINT

COMES NOW Plaintiff Andres Gomez, by and through his undersigned counsel, hereby files this Complaint and sues Defendant Cinnabon, LLC for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36 and alleges as follows:

### INTRODUCTORY STATEMENT

1. Plaintiff Andres Gomez brings this action in Federal Court to stop the marginalization of blind, vision impaired, and low vision patrons of Defendant Cinnabon, LLC's website (which is an extension of its shops) throughout the United States of America, where the groundbreaking "American with Disabilities Act" has been the law of the land for over twenty-six years.

1

2. Companies operating on internet twenty years (20) after consumers starting using the internet to better lives, business and governments have to make decisions on whether to be inclusive or to exclude people.

3. When the owners and operators of a website do not take the steps necessary to notice people of their website's limitations or to provide programming that works (interfaces) with universal screens readers, they are not only disrespecting the disabled community, but they are actively excluding them from their business (a place of public accommodation), which in fact segregates the disabled into being non-participants.

4. In a world of increasing number of low vision and blind individuals that is expected to double by 2050, it is essential that low vision and blind individuals are not excluded from society and segregated in area of web commerce.

5. This case arises out the fact that Defendant Cinnabon, LLC has operated its business in a manner and way that completely excludes individuals with disabilities who are visually impaired from enjoying and visiting their place of public accommodation, namely the Defendant's website www.cinnabon.com.

6. Defendant Cinnabon, LLC (also referenced as "Defendant") owns, operates, and/or franchises places of public accommodation which are a chain of bakeries and coffee shops operating under the brand name "Cinnabon." Cinnabon bakeries and coffee shops offer for sale to the general public their world famous cinnamon rolls (and other baked goods), flavored coffee, and other beverages. Heretofore, referenced as "baked goods."

7. The Defendant offers an adjunct website www.cinnabon.com ("website") which is directly connected to its Cinnabon shops since the website provides a site locator

to the Defendant's Cinnabon physical locations (places of public accommodation). Thus, www.cinnabon.com ("website") has a true nexus to the Defendant's Cinnabon shops.

8. This is an action to put an end to civil rights violations created by Defendant Cinnabon, LLC against individuals with disabilities who are visually impaired and who cannot access and comprehend the internet and the websites that operate therein without the aid of assistive technology.

## JURISDICTION & VENUE

9. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. § 1331, and 28 C.F.R. § 36.201.

10. This is also an action for declaratory and injunctive relief to prevent discrimination which includes equal access to internet website for services to view Cinnabon baked goods online.

11. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendant resides in this District, the Defendant transacts business in this District, and the acts constituting the violation of the ADA occurred in this District.

12. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§s 2201 and 2202.

## THE PARTIES

**Andres Gomez**

13. Plaintiff Andres Gomez ("Plaintiff Gomez") is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act.

14. Plaintiff Gomez suffers from what constitutes a "qualified disability" under the ADA. Plaintiff Gomez is legally blind, and therefore is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance. The Plaintiff's disability is defined in 42 U.S.C. §12012 (1)(A) and in 42 U.S.C. 3602, §802(h).

**Cinnabon, LLC**

15. Defendant Cinnabon, LLC (also referenced as Defendant) is the owner and operator of a chain of bakeries and coffee shops under the brand name "Cinnabon."

16. Defendant Cinnabon, LLC is a subsidiary of Focus Brands. Focus Brands is an a affiliate of a large equity firm based out of Atlanta called Roark Capital Group, which presently owns and operates over 3,300 restaurants. Since 2001, Focus Brands restaurants have been well established and profitable in the food industry. Defendant Cinnabon, LLC is the world-wide leader in the category of cinnamon roll bakery which has built its reputation on serving fresh, aromatic cinnamon rolls and baked goods.

17. Defendant Cinnabon, LLC is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

## FACTS

18. The Defendant is defined as a "public accommodation" because it is an entity which owns and operates a chain of bakeries and coffee shops under the brand name "Cinnabon," each of which is a "Place of Public Accommodation" which is defined as "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104. (2). Each

4

of the Defendant's Cinnabon bakeries and coffee shops are a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. Part 36. The Defendant's Cinnabon bakeries and coffee shops are also referenced throughout as "place(s) of public accommodation," "Cinnabon shops" or "bakeries and coffee shops."

19. The Defendant's website www.cinnabon.com ("website") is offered to provide the general public information including but not limited to information on the various locations of Defendant's Cinnabon bakeries and coffee shops throughout the United States and within the state of Florida.

20. The Defendant owns and/or operates over seven hundred Cinnabon shops (which included kiosks). Two of the Cinnabon shop locations are easily located in the South Florida area via the Defendant's website www.cinnabon.com. The Defendant's website www.cinnabon.com services the various Cinnabon shop locations represented by its physical shops and kiosks.

21. Since the Defendant's website allows the general public the ability to locate one of the many Cinnabon physical bakeries and coffee shops, the website is an extension of the physical Cinnabon shops. Therefore, the website has a direct nexus between the website and Defendant's Cinnabon shops, hence the website is also characterized as a place of public accommodation; 42 U.S.C. § 12181(7)(E).

22. The website also allows the general public access to purchase Cinnabon's brand name products[1] online.  The general public can purchase Cinnabon's brand name

---

[1] Cinnabon brand coffee creamer, air wick fresheners, packaged Cinnabon rolls, bagels, and sweetbreads, and banking mixes.

products via hyperlink (located through the Cinnabon "At Home" tab on its website) to various other internet websites run by affiliated merchants[2].

23. As such, the website is a sales establishment, which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(E) and must comply with the ADA. This means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the general public. As such, the Defendant has subjected itself and the website it has created and maintains, to the Americans with Disabilities Act ("ADA").[3]

24. Plaintiff Gomez is a customer who is interested in purchasing Cinnabon baked goods and brand name products which are offered for sale in the Defendant's bakeries and cafes and which can be purchased through the Defendant's website www.cinnabon.com via hyperlink.

25. The opportunity to preview Cinnabon's menu, peruse official Cinnabon's recipes, purchase Cinnabon's brand name products, and explore franchise opportunities is a benefit that Mr. Gomez would like to take part in as most others are able to on the www.cinnabon.com website.

26. Plaintiff Gomez frequently utilizes the internet. In order to comprehend information available on the internet and access/comprehend websites, Plaintiff Gomez uses commercially available screen reader software to interface with the various websites.

---

[2] i.e. Pillsbury, Lender's Bagels, International Delight, Wal-Mart
[3] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." ( See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

27.     In order to comprehend the Defendant's website and to become informed of the Defendant's Cinnabon brand merchandise (which other members of the general public may order online), Plaintiff Gomez must use screen reader software.

28.     Buying and ordering baked goods and brand name products online and having those purchases delivered to one's home is a highly sought after accommodation that helps improve the lives of vision impaired people such as the Plaintiff (and thousands of others like him), and helps them integrate and participate in society.

29.     Like most of us, Plaintiff Gomez accesses several websites at a time to compares goods and prices. When shopping online, the Plaintiff may look at several dozen websites to compare menu styles, brands, prices, and locations.

30.      Plaintiff Gomez is interested in purchasing various Cinnabon's baked goods and brand name products. Plaintiff Gomez had heard about the Cinnabon bakery and coffee shop in Florida and decided to shop online to learn about the Cinnabon brand and to locate a nearby Cinnabon shop through its website, www.cinnabon.com.

31.     During the month of June 2016, the Plaintiff attempted on several occasions to utilize the Defendant's website. The Plaintiff utilizes JAWS Screen Reader software (hereinafter referenced as "screen reader software"), which is the most popular screen reader software utilized worldwide as it allows individuals who are visually impaired to comprehend information available on the internet and access websites.

32.     However, the Defendant's website did not integrate with Plaintiff's screen reader software, nor was there any function within Defendant's website to permit access for visually impaired through other means.

33. Plaintiff Gomez attempted to locate any *Accessibility Notice* or any information relating to the website's future accessibility plans or information regarding contacting the Defendant to alert the Defendant to the inaccessibility of its website www.cinnabon.com, but was unable to do so, because no such link or notice was provided[4].

34. The fact that Plaintiff Gomez could not access the Defendant's www.cinnabon.com website, he felt as if another door had been slammed in his face, as he is/was unable to participate in the shopping experience online at the www.cinnabon.com website as experienced by the general public, 26 years after the Title III of the ADA was enacted and which promised to remove such barriers.

35. Plaintiff Gomez continues to desire to patronize the Defendant's www.cinnabon.com website and buy Cinnabon's world famous baked goods, but is unable to do so as he is unable to utilize the website, thus he will continue to suffer irreparable injury from the Defendant's intentional acts/omissions, policies, and practices set forth herein unless enjoined by this Court.

36. The Defendant's website did\does not offer an adequate system to permit a disabled person with a visual impairment (who requires screen reader software) to comprehend its website in an effective manner.

---

[4] Other online retailers have taken steps to notice and inform disabled users of their website programming plans and have direct email / toll free numbers to enable contact with the retailer e.g.
http://www.starbucks.com/about-us/company-information/online-policies/web-accessibility
http://www.tiffany.com/Service/Accessibility.aspx?isMenu=1&
http://www.potbelly.com/Company/Accessibility.aspx

37. The Defendant's website is\was not designed and programmed to interface with commercially available screen reader software for disabled individuals who are visually impaired in the same manner as the website is offered to the general public.

38. The Defendant's website is\was so poorly functional for visually impaired individuals who require screen reader software, that any utilization of the website contains barriers that prevent full and equal use (of the website) by individuals with disabilities who are visually impaired.

39. On information and belief, the Defendant has not initiated a Web Accessibility Policy to insure full and equal use of the Cinnabon website by individuals with disabilities.

40. On information and belief, the Defendant has not instituted a Web Accessibility Committee to insure full and equal use of its website by individuals with disabilities.

41. On information and belief, the Defendant has not designated an employee as a Web Accessibility Coordinator to insure full and equal use of its website by individuals with disabilities.

42. On information and belief, the Defendant has not instituted a Web Accessibility User Accessibility Testing Group to insure full and equal use of its website by individuals with disabilities.

43. On information and belief, the Defendant has not instituted a User Accessibility Testing Group to insure full and equal use of its website by individuals with disabilities.

44. On information and belief, the Defendant has not instituted a Bug Fix Priority Policy.

45. On information and belief, the Defendant has not instituted an Automated Web Accessibility Testing program.

46. On information and belief, the Defendant has not created and instituted a Specialized Customer Assistance line, nor service, or email contact mode for customer assistance for the visually impaired.

47. On information and belief, the Defendant has not created and instituted on its website a page for individuals with disabilities, nor displayed a link and information hotline, nor created an information portal explaining when and how the Defendant will have its website, Applications, and Digital Assets accessible to the visually impaired community.

48. On information and belief, the Defendant's website does not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Basic Level of web accessibility[5].

49. On information and belief, the Defendant does not have a Web Accessibility Policy.

50. Thus, the Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages and accommodations provided by and through its website www.cinnabon.com.

51. On information and belief, the Defendant has not disclosed to the public any intended changes, audits, or involved lawsuits to correct the inaccessibility of their

---

[5] developed by the Web Accessibility Initiative (WAI) working group of the World Wide Web Consortium which defined how to make Web content more accessible to people with disabilities (W3C)

website vis-a-vis disabled individuals who are visually impaired who want the safety and privacy of purchasing products online from their homes like other Americans.

52. Under the ADA, all places of public accommodation must ensure that the disabled individuals enjoy full and equal enjoyment of its goods and services by making reasonable modifications to its services and sales policies and procedures.

53. Public Accommodations that use the Internet for communications regarding their programs, goods or services, must offer those communications through adequate accessible means as well.

54. For many individuals with disabilities who are limited in their ability to travel outside their home, the internet is one of the few available means of access to the goods and services in our society with safety and in dealing with terms of their disability.

55. The broad mandate of the ADA to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life. That mandate extends to internet websites, such as the Defendant's website where they have a direct connection.

56. On information and belief, the Defendant is aware of these common access barriers within its website which prevent individuals with disabilities who are visually impaired from the means to comprehend its website to become informed of Cinnabon's baked goods and brand name products available in its Cinnabon shops and available for purchase online.

57. On information and belief, the Defendant is aware of need to provide full access to all visitors of the Website.[6]

58. Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired.

59. Such barriers result in punishment and isolation of blind and low vision from the rest of society.

60. Thus, the Defendant has refused to make its website accessible to individuals with disabilities who are visually impaired.

61. According to Statistic Brain Research Institute[7], in 2014, online sales in the United States exceeded $304 Billion U.S. Dollars. On average, 87% of Americans that have browsed online stores such as www.cinnabon.com and have made an internet purchase, while 57% of Americans that have browsed online stores have made a purchase multiple times.

62. According to the National Federation for the Blind[8], there are 6,670,300 Americans with visual disabilities.

63. The National Federation for the Blind has also reported that there are 434,600 Americans with visual disabilities living within the state of Florida.

64. The Defendant has failed to provide any mechanism by which to adequately serve visually impaired individuals such as the Plaintiff. The Defendant is

---

[6] Major Retailing Trade Magazines have been publishing articles to alert retailer of the need to update their websites in light of current legal trends and cases e.g (www.internetretailer.com/2016/04/01/web-accessibility-what-e-retailers-need-know) (www.retailingtoday.com/article/lawsuit-highlights-importance-ada-compliance)
[7] US Commerce Department, Forrester Research date: October 9, 2014, See http://www.statisticbrain.com/total-online-sales/
[8] Statistics for 2012, see http://www.NFB.org/blindness-statistics

12

operating in violation of Plaintiff Gomez's rights as protected by the ADA and is entitled to injunctive relief. 42 U.S.C. §12188.

65. Plaintiff Gomez has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means to secure adequate redress from the Defendant's unlawful and discriminatory practices.

66. Plaintiff Gomez and others will continue to suffer irreparable injury from Defendant's intentional acts, policies, and practices set forth herein unless enjoined by the court.

67. Notice to the Defendants is not required as a result of the Defendant's failure to cure the violations. Enforcement of the Plaintiff's rights is right and just pursuant to 28 U.S.C. §§s 2201, 2202.

68. The Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

69. Plaintiff Gomez re-alleges and incorporates by reference the allegations set forth in ¶¶s 1-68 above.

70. The Department of Justice has long taken the position that both State and local government websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their

sites are fully accessible to individuals with disabilities[9].

71. As a result of the inaccessibility of the Defendant's website and by the barriers to access in its website (when removal of those barriers is readily achievable), the Defendant has denied individuals with disabilities who are visually impaired full and equal enjoyment of the information and services that the Defendant has made available to the general public on its website www.cinnabon.com, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

72. Pursuant to 42 U.S.C. §12181(7)(E), www.cinnabon.com (the Defendant's website) is a *place of public accommodation* under the ADA because it serves to augment its chain of Cinnabon shops and Cinnabon brand name products sold through various merchants. The Defendant does so by providing the general public information on the various locations of the Defendant's chain of Cinnabon shops and educating the general public as to the line of Cinnabon's baked goods and brand name products and also by providing the general public with the ability to purchase Cinnabon brand name products online.

73. As such, the Defendant's website must be in compliance with the ADA. However, the Defendant's website is\was not in compliance with the ADA.  Plaintiff Gomez has suffered an injury in fact because of the website's (and Defendant's) non-compliance with the ADA.

74. Types of website programming errors include (but are not limited to) *Programming Error Types* ("PETs"), which are easily identifiable and correctable, and

---

[9] See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

*Programing Alert Error Types* ("PATs"), which are prone to making the website inaccessible.

75. A sampling review of just part of the Defendant's website revealed that the website is not functional for users who are visually impaired. The Defendant's website contains several types of PETs (easily identifiable and correctable), which occur throughout the website such as:

1) The language of the document is not identified,
2) Image alternative text is not present, and
3) A form control does not have a corresponding label.

76. Further, the Defendant's website contains various types of PATs (prone to making the website inaccessible), which occur throughout the website, such as:

1) Alternative text is likely insufficient or contains extraneous information,
2) An event handler is present that may not be accessible,
3) A heading level is skipped,
4) Flash content is present,
5) Adjacent links go to the same URL,
6) A link contains no text, and
7) Alternative text is likely insufficient or contains extraneous information.

77. More violations may be present on other pages of the website, and they will be determined and proven through the discovery process.

78. Further, the Defendant's website did\does not include the universal symbol for the disabled[10] which would permit disabled individuals to access the website's accessibility information and accessibility facts.

---

[10] , or HTML "Accessibility" link for those individuals who are visually impaired

79. Therefore, due to the Plaintiff's disability and the Defendant's failure to have its website adequately accessible to individuals with visual impairments, the Plaintiff was unable to comprehend the Defendant's website.

80. The Defendant has violated the ADA (and continues to violate the ADA) by denying access to www.cinnabon.com to individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access internet websites. These violations within the www.cinnabon.com website are ongoing.

81. As a result of the Defendant's inadequate development and administration of www.cinnabon.com, Plaintiff Gomez is entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

82. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Gomez injunctive relief; including an order to:

   a) Require Defendant Cinnabon, LLC to adopt and implement a web accessibility policy to make publically available and directly link from the homepage of www.cinnabon.com to a statement as to Cinnabon's policy to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through its website, and

   b) Require Defendant Cinnabon, LLC to cease and desist discriminatory practices and if necessary to cease and desist operations of the website known as www.cinnabon.com until the requisite modifications are made

such that its website becomes equally accessible to persons with disabilities.

83. Plaintiff Gomez has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff Gomez is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Cinnabon, LLC

WHEREFORE, Plaintiff Andres Gomez hereby demands judgment against Defendant Cinnabon, LLC and request the following injunctive and declaratory relief:

a) The Court to declare the Terms of Service as delineated on the website www.cinnabon.com null and void and rescinded and not applicable to the Plaintiff, due to the inaccessibility of the website for visually impaired individuals such as the Plaintiff who have no means to comprehend said Terms of Service;

b) The Court to declare that the privacy rights of the Plaintiff have been violated by the unwarranted and unauthorized software and analytics that have been placed on Plaintiff's computer without his consent;

c) The Court issue a declaratory judgment that Defendant Cinnabon, LLC has violated the Plaintiff's rights as guaranteed by the ADA;

d) The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting Defendant Cinnabon, LLC from operating its website www.cinnabon.com without adequate accommodation for the visually impaired community;

e) The Court enter an Order requiring Defendant Cinnabon, LLC to update website to remove barriers in order that individuals with visual disabilities

can access the website to the full extent required by the Title III of the ADA;

f) The Court enter an Order requiring Defendant Cinnabon, LLC to clearly display the universal disabled logo[11] within its website, wherein the logo would lead to a page which would state Cinnabon's accessibility information, facts, policies, and accommodations.  Such a clear display of the disabled logo is to insure that individuals who are disabled are aware of the availability of the accessible features of website www.cinnabon.com;

g) The Court enter an order requiring Defendant Cinnabon, LLC to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto.

h) The Court enter an Order directing Defendant Cinnabon, LLC to evaluate its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the website known as www.cinnabon.com.

i) The Court enter an Order directing Defendant Cinnabon, LLC to establish a policy of web accessibility and accessibility features for the website known as www.cinnabon.com.

---

[11] 

j) The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff; and

k) That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 10th day of August, 2016.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*
